GIBSON et al. v. WOOD. (No. 8494.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 13, 1917. Rehearing Denied March 3, 1917.)

MECHANICS' LIENS &#8656;81 — LABORERS WORKING WITH THRESHING MACHINE—"FACTORY OR MILL OF ANY CHARACTER" — "FACTORY OPERATOR" — "MILL OPERATOR" — "MILL" —"FACTORY."

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 5644, providing that any factory operator, mill operator, or common laborer, or farm hand performing any service in any factory or mill under any contract shall have a first lien on all products or things owned by the employer, and making the lien of farm hands subordinate to a landlord's lien, and in view of article 5502 requiring the ordinary signification to be applied to words except words of art, etc., common laborers working with a threshing machine do not have a lien upon the grain threshed; as a threshing machine is not a "factory or mill of any character," and as a common laborer working with a threshing machine in threshing grain is not a "factory operator" or a "mill operator," and as the terms "mill" and "factory" are not in common parlance, applied to a threshing machine (citing Words and Phrases, Second Series, Factory; Mill).

Appeal from County Court, Wichita County; Harvey Harris, Judge.

Action by W. J. Wood against J. F. Gibson and others. Judgment for plaintiff, and defendants appeal. Reversed, and judgment rendered that plaintiff take nothing by his suit, and that appellants recover their costs.

&#8656;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Huff, Martin & Bullington, of Wichita Falls, for appellants. W. F. Weeks, of Wichita Falls, for appellee.

DUNKLIN, J. We are of the opinion that the court erred in holding that by the terms of article 5644, Vernon's Sayles' Texas Civil Statutes, a lien was given to common laborers working with a threshing machine upon the grain threshed by such machine, and in establishing and foreclosing such a lien upon the wheat and oats in controversy, and the proceeds of the sale thereof. That article of the statute specifically defines the kind of labor for which a lien is given, and work upon a farm is not included in the services so defined. The concluding proviso of the article reading, "that a lien herein given to a farm-hand shall be subordinate to the landlord's lien now provided by law," would seem to imply that the Legislature in enacting the statute understood that in previous portions of the article a lien had been provided for a farm hand, but even this proviso does not indicate what character of work to be performed by a farm hand was intended, and it would be a strained construction to read into the previous portions of the statute a provision that a farm hand is entitled to a lien for work done on a farm, and thus enlarge the provisions of the statutes wherein the character of work for which a lien was provided is specifically defined.

We are also of the opinion that a threshing machine cannot be held to be a "factory or mill of any character," nor that a common laborer working with a threshing machine in the threshing of grain can be termed a "factory operator," or "mill operator," within the meaning of the statute. By article 5502 of Vernon's Sayles' Texas Civil Statutes, it is provided that:

"The ordinary signification shall be applied to words, except words of art, or words connected with a particular trade or subject-matter, when they shall have the signification attached to them by experts in such art or trade, or with reference to such * * * matter."

The terms "mill" and "factory" are not, in common parlance, applied to a threshing machine, and even though a threshing machine should be said to perform some of the functions of a mill or factory, it cannot be included within the meaning of those terms without doing violence to the rule of statutory construction above quoted. See decisions cited in 3 Words & Phrases (2d Series) pp. 384 and 385, and 2 Id. page 432.

In view of the foregoing conclusions it is unnecessary for us to determine the further question, whether or not a common laborer working with a thresher in threshing a crop, who has been hired by the owner of the thresher and not by the owner of the crop, could be designated as a "farm hand"; or the further question, whether or not, in order to claim the lien provided for in the stat-ute, it would be incumbent upon such claimant to show that the service was performed under a contract or agreement with the owners of the grain threshed, or his duly authorized agent, to hire such servants as the servants of the owner of the grain; the record in this case showing that the work of threshing was done by Gibson as an independent contractor.

Accordingly, the judgment of the trial court rendered against appellants herein is reversed, and, as the facts have been fully developed and are undisputed, judgment will be here rendered that W. J. Wood, plaintiff in the trial court and appellee here, take nothing by reason of his suit against appellants, and that appellants recover of said Wood their costs incurred in the trial court, as well as in this court. The judgment in favor of Wood against J. F. Gibson, from which no appeal was prosecuted, is undisturbed.